UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL ALLAMBY, | CASE NO. 1:09 CV 1113 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MEMORANDUM OF OPINION AND ORDER |
| I.R.S. DEPARTMENT OF TREASURY, | |
| Defendant. | |

On March 9, 2006, pro se plaintiff Michael Allamby filed the above-captioned action against the Internal Revenue Service (I.R.S.), Department of Treasury, Kansas City, Missouri. He asserts this court's jurisdiction based on diversity of citizenship. Mr. Allamby claims that questions he has raised regarding "unpaid accounts" remain unanswered by the defendant. As result, he seeks a response and "relief of blatant and untoward harassment by the same." (Compl.at 2.) Mr. Allamby further seeks damages in the amount of $100,000.00 for the stress and trauma he has suffered as a result of the defendant's actions.

*Background*

Relevant facts are scant in this complaint. On an undisclosed date, the I.R.S.

"demand[ed] from Plaintiff the payment of 15% of each individual penalty before Plaintiff can file a claim in one or more United States District Court." (Compl. at 1.) He claims that on February 28, 2009 he requested information from the defendant regarding his "involvement with the unknown entity(s)." (Compl. at 1.) When the defendant replied on March 23, 2009, it was explained to Mr. Allamby that "several 'unpaid accounts' showing unpaid balances have been established by Defendants for Plaintiff.". (Compl. at 2.) This response was not sufficient for Mr. Allamby and he replied, on the same date, that he was still awaiting an explanation of the questions he posed in his February 28, 2009 letter. Because he believes his "requests" have been ignored, he filed the above-captioned case.

### *Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### *Failure to State a Claim*

The law is clear that federal agencies, such as the IRS, are not citizens of any state and

cannot be sued in diversity. Texas v. Interstate Commerce Comm'n, 258 U.S. 158, 160 (1922); Frey v. Environmental Prot. Agency, 270 F.3d 1129, 1136-37 (7th Cir.2001); General Signal Ry. Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir.1991); Koppers Co. v. Garling & Langlois, 594 F.2d 1094, 1097 n. 1 (6th Cir.1979). Moreover, despite the designation of the I.R.S. as defendant in this suit, the nature of plaintiff's action is one against the United States. For a federal agency to be amenable to suit, Congress must authorize suit against it by name. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952). Because Mr. Allamby's claims are not clear, this court cannot determine that Congress authorized a suit against the I.R.S. with respect to this type of claim. Therefore, the IRS is not a proper party to this suit.

To the extent Mr. Allamby is alleging a violation of his constitutional rights, the United States, as the real party to this suit, enjoys sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (explaining that, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of the consent to be sued in any court define that court's jurisdiction to entertain the suit"). The United States has not consented to suit for alleged violations of constitutional rights. See Jaffee v. United States, 592 F.2d 712, 717-18 (3d Cir.1979). In the absence of a waiver of this sovereign immunity, any constitutional claims must be dismissed. Accordingly, any constitutional claims against the United States for the actions of the IRS shall be dismissed.

*Conclusion*

Based on the foregoing, the complaint is dismissed. Further, the court certifies that

an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."