To   :United States District Court For The Northern District of Ohio
From :Michael Allamby, Pro Se Plaintiff, Case No. 1:09 CV 1113
Subj. :Writ of Execution to enforce a judgment (2)
Date: August 10, 2009

Sirs or Madams:

On May 13, 2009 I submitted a complaint to the Clerk of Court in the United States District Court For The Northern District of Ohio. The complaint listed Michael A. Allamby as Pro Se Plaintiff and **IRS** Department of the Treasury Internal Revenue Service KANSAS CITY, MO 64999- Defendant.

The address for the Pro Se Plaintiff read:
Pro se Plaintiff:
Michael A. Allamby
1887 Knowles Street
East Cleveland, Ohio 44112

The address for the Defendants read:
**IRS** Department of the Treasury Internal Revenue Service
KANSAS CITY, MO 64999-

Rule 55 of the Federal Rules of Civil Procedure informs me:
**Rule 55. Default**

(a) ENTRY. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
(b) JUDGMENT. Judgment by default may be entered as follows:
(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

In the SUMMONS IN A CIVIL ACTION, the defendant was informed:
**YOU ARE HEREBY SUMMONED** and required to serve on the PLAINTIFF'S ATTORNEY (name and address) an answer to the complaint which is served upon you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint....

In accordance with Rule 62 of the Federal Rules of Civil Procedure, wherein is stated
"**...no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry.**"
For the record, I, Michael Allamby, Pro se Attorney, am officially making known that seventy-nine (79) days have passed from May 13th to July 31, 2009; nineteen (19) days have passed since the defendants, having failed to plead, defaulted. The "**expiration of**

**ten days**" having been concluded on July 25, 2009, the execution of the judgment has not been satisfactorily concluded.

On July 31 I submitted a writ of execution in accordance with Rule 69. Execution in the Federal Rules of Civil Procedure, et al.; in which I am made to understand that a writ of execution is:

> **Formal process issued by the court generally evidencing debt of the defendant to the plaintiff and commanding the officer to take the property of the defendant in satisfaction of the debt. Unless the court directs otherwise, the process to enforce a money judgment shall be a writ of execution. A writ of execution is a written demand to bailiff directing him to execute the judgment of the court.**

I, Michael A. Allamby, am the prevailing party in Case No. 1 :09 CV 1113. I have heard no word from the court, the bailiff, or any other entity in regard to the furtherance of the procedure addressed in Rule 69 of the Federal Rules of Civil Procedure. I am awaiting satisfaction or, if required, a response pertaining to the present status of the official writ of execution cited above.

_____
Signature of Pro Se Attorney

BE IT KNOWN, that on this _____ day of AUG 1 0 2009 _____, in the year of our Lord _____, before me, a Notary Public, in and for the said CUYAHOGA County, _____ State, personally appeared the above named person, and executed the foregoing document, and acknowledged the same to be a free Act and Deed.

_____ Notary Public

My Commission expires

AKRAM RABAH
Notary Public, State of Ohio
My Commission Expires Feb. 13, 2012