UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL ALLAMBY, | ) | CASE NO. 1:09 CV 1113 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| I.R.S. DEPARTMENT OF TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is <u>pro se</u> petitioner Michael Allamby's letter, filed August 12, 2009, requesting reconsideration of this court's dismissal of his complaint. On July 30, 2009, this court dismissed Mr. Allamby's complaint for failing to state a federal claim. He now asserts that his complaint was filed May 13, 2009, *not* March 9, 2006 as the court stated in its Memorandum; and, his complaint was filed against "unspecified entity: I.R.S. Department of the Treasury, Internal Revenue Service, Kansas City, MO 64999," *not* the "I.R.S., Department of Treasury," as the court determined. Pursuant to Rule 60(a) of the Federal Civil Rules, the filing date for the above-captioned complaint which this court referenced in its July 30, 2009 Memorandum should be corrected to read: May 13, 2009.

In the Sixth Circuit, a request for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990). As such, Mr. Allamby was required to file his request within 10 days from the July 30, 2009 date of judgment he seeks to alter. FED. R. CIV. P. 59(e). Consistent with the provisions set forth in Rule 6 of the Federal Civil Rules, Mr. Allamby's motion is timely filed.

*Motion to Alter or Amend*

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). The plaintiff never argues an error of law, newly discovered evidence or an intervening change in controlling law. Therefore the only remaining basis for his motion is to prevent manifest injustice. No support for that claim exists.

A motion under Rule 59(e) is not an opportunity to re-argue a case. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

> Rule 59(e) motions are aimed at re consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.

Id. (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992). Other than a correction to the date on which his complaint was filed, Mr. Allamby has failed to articulate any basis in law to justify an alteration or amendment to this court's judgment dismissing his complaint.

Based on the foregoing, petitioner's request for reconsideration of this court's

judgment is denied. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Christopher A. Boyko*
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE